# Third District Court of Appeal

## State of Florida

Opinion filed January 2, 2025.

_____

No. 3D23-1918
Lower Tribunal No. 15-4429
_____

**Gladys Novoson,**
Appellant,

vs.

**Del Vista Condominium Association, Inc.,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Pedro P. Echarte, Jr., Judge.

Perry & Neblett, P.A., and David A. Neblett, John A. Wynn and James M. Mahaffey III, for appellant.

Conroy Simberg, and Diane H. Tutt (Hollywood), for appellee.

Before LOGUE, C.J., and EMAS, and SCALES, JJ.

<u>ON CONFESSION OF ERROR</u>

PER CURIAM.

Gladys Novoson, the plaintiff below, appeals two final orders[1] wherein the trial court, acting *sua sponte*, purported to "close this case as all judicial labor is complete." The judicial labor in this case, however, is not complete because Novoson is entitled to an award of prevailing party attorney's fees and costs pursuant to the parties' settlement agreement. We, therefore, reverse the challenged orders.

This case was set for trial on February 6, 2018. On the day of trial, the parties announced a settlement in open court. On February 7, 2018, Novoson filed a notice of settlement below that set forth the terms of the parties' settlement agreement, including that Novoson was entitled to prevailing party attorney's fees and court costs. On February 8, 2018, the trial court entered an order dismissing the case with prejudice based on the parties' settlement, but reserving jurisdiction to enforce the settlement agreement (the "dismissal order").

Del Vista Condominium Association, Inc. (the "Association"), the defendant below, then engaged in protracted discovery with Novoson related to the amount of attorney's fees to be awarded to Novoson, but no fees

---

[1] The two orders are a September 25, 2023 "Order to Close Case" and a September 27, 2023 "Order to Close Case." The September 27th order differs from the first in that it denies a motion that was pending, but not adjudicated, in the September 25th order.

hearing was ever set before the trial court. Some years later, apparently believing that the dismissal order had ended the judicial labor in the case, the trial court *sua sponte* entered the challenged orders on appeal. The Association properly and commendably confesses error, conceding that the challenged orders must be reversed because the dismissal order approved the parties' settlement agreement, and Novoson's entitlement to attorney's fees and costs is provided for by the agreement. See Broadband Eng'g, Inc. v. Quality RF Servs., 450 So. 2d 600, 601 (Fla. 4th DCA 1984) (providing that the trial court retains the inherent jurisdiction to enforce the terms of a settlement agreement, even where the court's order approving the agreement dismisses the action with prejudice). Accordingly, we reverse the challenged orders.

Reversed.